IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM HELM, et al.,

    Plaintiffs,

v.

ALDERWOODS GROUP, INC,

    Defendant.

No. C 08-01184 SI

**ORDER RE: PLAINTIFFS' DISCOVERY REQUEST**

**(Docket No. 250)**

Plaintiffs have filed a discovery request seeking an order compelling Alderwoods to produce (1) documents and information relating to compliance audits and (2) corporate-level documents reflecting Alderwoods' pay policies.

## I.    Compliance Audit Information

Interrogatory 18 asked Alderwoods to "identify and describe all external (e.g., U.S. Department of Labor or state labor agency) or internal audits or investigations concerning Alderwoods regarding wage and hour issues." Document Request 36 sought production of documents or communications reflecting such audits or investigations. Alderwoods objected that any company-wide audit materials are protected by the attorney-client and/or attorney work product privileges, and referred plaintiffs to the privilege log produced during discovery in the *Prise* action.[1]

Contrary to plaintiffs' assertion, the privilege log is not insufficient for the mere reason that it

---

[1] Alderwoods also objected that it does not maintain a database of external audits and that production of location-level internal audit information beyond what has already been produced in the *Prise* action would be unduly burdensome. Plaintiffs do not challenge these objections in the present discovery request.

was not created specifically for this litigation, given Alderwoods' representation that the log covers all the privileged documents in its possession that are responsive to the discovery propounded in this case. The Court will therefore turn to plaintiffs' specific challenges. Plaintiff claims that Alderwoods has waived attorney-client privilege with respect to Entries 2, 8-10, 19a-23, 25-27, 30-64, 92-99, 105-107, 108a-109, 114-119, and 122-134 by failing to identify the author and recipient(s) of the documents, and with respect to Entries 14-18 by failing to separately log each email within an email chain.

Author and Recipient: Rule 26 requires that a party claiming privilege "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). The Court agrees with plaintiffs that, without the names of the author(s) and recipient(s) of each document, plaintiffs cannot determine whether the attorney-client privilege applies. For example, the privilege may have been waived by showing the document to a third party or to an employee outside the scope of the privilege that applies to corporations. *See United States v. Graf*, --- F.3d ----, 2010 WL 2671813, at *4 (9th Cir. July 7, 2010) (noting limitations on assertion of attorney-client privilege by corporations); *United States v. Ruehle*, 583 F.3d 600, 612 (9th Cir. 2009) (referring to the "settled rule that *any* voluntary disclosure of information to a third party waives the attorney-client privilege") (original emphasis); *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 476 (E.D. Pa. 2005) ("[T]he privilege is waived if the communications are disclosed to employees who did not need access to them. We therefore scrutinize closely any privilege claim where [the party claiming privilege] is unable to identify the author or has provided only a general group-wide description for the recipients.") (quotation marks and citations omitted).

Accordingly, to the extent the documents identified in the privilege log have been distributed,[2] Alderwoods is directed to identify the author and the recipient(s) of any documents it claims are

---

[2] Alderwoods may assert attorney-client privilege for undistributed documents, such as drafts of communications which were created with the intention of confidentiality, even where the final distribution of the draft might constitute a waiver of the privilege. *See In re Grand Jury Subpoenas*, 731 F.2d 1032, 1037 (2d Cir. 1984); *SmithKline Beecham*, 232 F.R.D. at 476. If Alderwoods claims attorney-client privilege of an undistributed document, however, it must specifically state in its updated log that the document is undistributed, rather than simply leaving the recipient field blank.

2

privileged. To the extent Alderwoods is unable to do so, the privilege will be deemed waived and any non-privileged responsive document must be produced.[3]

Email Chains: Plaintiffs also object that, in each instance in which the privilege log lists a chain of emails, Alderwoods has failed to separately log each email within the chain. The log entries at issue, Entries 14-18, reflect email chains in which the initiating author was either seeking or providing legal advice relating to recording of time and/or pay practices. In the challenged entries, Alderwoods simply listed in the aggregate the various authors and recipients within each chain, without itemizing each email separately by date, author, and recipient(s).

In support of their motion to compel an updated privilege log that itemizes each email, plaintiffs cite an October 10, 2008 order in *Baxter Healthcare Corp. v. Fresenius Med. Holding, Inc.*, No. 07-1359 PJH (JL), at *2, in which another court of this district held that "[e]ach email [within an email string] is a separate communication, for which a privilege may or may not be applicable" and that a party may not "aggregat[e] authors and recipients for all emails in a string and then claim[] privilege for the aggregated emails." Alderwoods counters by citing two cases in which district courts came to the opposite conclusion. *Cont'l Cas. Co. v. St. Paul Surplus Lines Ins. Co.*, 265 F.R.D. 510, 517 n.9 (E.D. Cal. 2010); *Muro v. Target Corp.*, 250 F.R.D. 350, 363 (N.D. Ill. 2007).

The parties' submissions demonstrate that the question of how to apply privilege principles to email communications is a matter of disagreement among district courts. Given that the privilege log was created nearly a year ago during discovery in a different action, the Court concludes that the better approach in this case is to require Alderwoods to supplement the log by itemizing each email within the strings listed at Entries 14-18. Alderwoods' current submission leaves the Court and plaintiffs unable to discern whether, for example, an email chain was sent at some point to a third party or an employee not within the scope of the privilege, in which case that email and the preceding emails in the chain may

---

[3] Plaintiff seeks an order holding that Alderwoods has waived privilege with respect to the improperly logged documents and must therefore produce them. Given that Alderwoods was relying on the Special Master's approval of the log in the *Prise* action, however, the Court will instead order Alderwoods to update its privilege log. Only if it is unable to do so will the privilege be deemed waived.

3

not be privileged.

The motion to compel is therefore GRANTED in part with respect to audit materials, and Alderwoods is ordered to produce an updated privilege log <u>within ten days of the date of this order.</u>

## II. Corporate-Level Pay Policy Documents

Plaintiffs' Document Requests 12, 13, and 20 sought documents and communications concerning Alderwoods' pay policies. In response to these requests, Alderwoods directed plaintiffs to large portions of the record in the *Prise* matter and objected that any further production of documents "from each of the potentially hundreds of locations where hourly employees worked during the limitations period in this case" would be unduly burdensome. Plaintiffs pointed out in their motion to compel that Alderwoods' responses gave no indication whether it had searched for or produced documents reflecting company-wide policies, as opposed to location-specific policies or practices. Alderwoods clarified in its response that it has produced numerous company-level documents in the *Prise* matter, including email files from its three Vice Presidents of Operations and several top human resources officials.

It appears that Alderwoods' production in the *Prise* matter was sufficient to satisfy plaintiffs' discovery requests in this action. However, the Court believes it is appropriate to require Alderwoods to identify the Bates ranges of the corporate-level documents produced in the *Prise* matter, especially given that Alderwoods will be spared the burden of searching for and producing the documents separately in connection with this action. *See Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 305 (D.Kan.1996) (a party responding to discovery cannot fulfill its obligations by "simply refer[ring] generically to past or future production of documents," but must identify the documents responsive to the propounding party's request).

Alderwoods is ordered to provide plaintiffs with the Bates ranges of the responsive corporate-level documents <u>within ten days of the date of this order.</u>

**IT IS SO ORDERED.**

Dated: July 27, 2010

SUSAN ILLSTON
United States District Judge

4